FILED
APR 16 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. 09-39-KI |
| | *Civil Case No. 10-70004-KI* |
| Respondent, | |
| vs. | OPINION AND ORDER |
| **FRANCISCO SOTO-MENDOZA,** | |
| Defendant/Petitioner. | |

Dwight C. Holton
Interim United States Attorney
District of Oregon
Geoffrey A. Barrow
Jennifer J. Martin
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Respondent

Page 1 - OPINION AND ORDER

Francisco Soto-Mendoza
Reg. No. 26012-265
California City Correctional Center
P. O. Box 3001-0001
California City, California 93504

Pro Se Defendant/Petitioner

KING, Judge:

Before the court is defendant Francisco Soto-Mendoza's motion, under 28 U.S.C. § 2255, for the reduction of his sentence (#63). For the reasons set forth below, I deny the motion.

## PROCEDURAL BACKGROUND

On June 16, 2009, defendant pled guilty to possessing, with the intent to distribute, methamphetamine and heroin and using communication facilities in committing those offenses.

On August 24, 2009, the court sentenced defendant to 63 months' incarceration, followed by a five-year term of supervised release. The sentence was calculated using a Criminal History Category of I and a Total Offense Level of 29, yielding a guideline range of 87 to 108 months. The Court departed several levels, but rejected the defendant's request for a sentence of 51 months.

On February 11, 2010, defendant filed a motion seeking a reduction in his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Plaintiff contends his sentence should be reduced on the grounds that he is a deportable alien who is not entitled to incarceration at a minimum security facility, is not entitled to treatment through the drug and alcohol program, and is not entitled to pre-release custody. He contends he will spend more time in prison as a result of his status, in violation of the Equal Protection Clause. He argues that his counsel was aware of the fact that he was a deportable alien, and counsel's failure to make the argument for a lower sentence based on defendant's status constitutes ineffective assistance of counsel.

There is no need for an evidentiary hearing to decide this motion since defendant waived his right to petition the court pursuant to 28 U.S.C. § 2255 and his ineffective assistance of counsel claim has no merit.

Page 3 - OPINION AND ORDER

I.   Waiver of Post-Conviction Relief

The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68.

Defendant's agreement to enter his plea of guilty contained the following paragraph:

> 12.  Waiver of Appeal/Post Conviction Relief: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant presents no facts from which I can find his waiver was uninformed or otherwise defective. Except to the extent he takes issue with his counsel's assistance, the defendant clearly and unambiguously waived the right to challenge his conviction and sentencing as outlined in the plea agreement and I will not consider his arguments.

II.   Ineffective Assistance of Counsel

Defendant contends that his counsel knew defendant was deportable, but failed to argue that defendant's status warranted a reduction in his sentence.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1)

Page 4 - OPINION AND ORDER

that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To establish the second prong of the Strickland test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As an initial matter, counsel mentioned to the court in his sentencing letter that defendant would be deported and would have to start over in Mexico, so there was no need to incarcerate him in the United States beyond 51 months. Additionally, counsel competently argued for a reduction in defendant's sentence under the § 3553(a) factors based on defendant's age, educational and vocational skills, employment record, family ties and responsibilities, disadvantaged youth, defendant's remorse, and "cultural differences." Def.'s Sentencing Ltr. at 2. The Court was well-aware of defendant's alien status and the effect it would have on his eligibility for programs and institutions. See Strickland, 466 U.S. at 695 (may consider judge's approach with regard to first prong, but not to consider "particular judge's sentencing practices" on prejudice prong). Counsel's conduct did not fall below the objective standard of reasonableness.

///

///

///

Page 5 - OPINION AND ORDER

## CONCLUSION

Defendant Francisco Soto-Mendoza's motion, under 28 U.S.C. § 2255, to reduce his sentence (#63) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of April, 2010.

Garr M. King
United States District Judge